UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

Kayleigh Marie Rexrode,

                Plaintiff,

vs.

Healthcare Revenue Recovery Group, LLC,

                Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Kayleigh Marie Rexrode, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Kayleigh Marie Rexrode ("Plaintiff"), is an adult individual residing in Sunbury, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Healthcare Revenue Recovery Group, LLC ("Healthcare"), is a Florida business entity with an address of 1643 North Harrison Parkway, Building H, Suite 100,

Sunrise, Florida 33323, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Healthcare for collection, or Healthcare was employed by the Creditor to collect the Debt.

8. Healthcare attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Healthcare Engaged in Harassment and Abusive Tactics

9. On or about October 13, 2020, Healthcare began contacting Plaintiff in an attempt to collect the Debt from Plaintiff's son.

10. Plaintiff's son is a minor and is not responsible for the repayment of the Debt.

11. Healthcare asked Plaintiff to verify her son's mailing address and date of birth.

12. The mailing address Healthcare had on file was incorrect.

13. Plaintiff refused to provide her son's birthday or any other personal information.

14. Healthcare threatened to report the Debt to the credit bureau because Plaintiff refused to provide identifying information regarding her minor child.

15. Such threat overshadowed Plaintiff's right to dispute the Debt.

16. Healthcare's actions caused Plaintiff a great deal of frustration, stress and anxiety.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant overshadowed Plaintiff's right to dispute a debt within thirty days.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 16, 2021

Respectfully submitted,

By   */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
Florida Bar No. 1026228
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
(203) 653-2250
slemberg@lemberglaw.com